ColliNS, Judge,
delivered the opinion of the court:
Plaintiff seeks to recover disability retirement pay from December 22,1943, the date of his initial release from active duty; or, alternatively, under the continuing claim-theory, for the 6 years prior to the filing of his petition on July 31, 1963. Defendant has moved to dismiss the petition on the ground that plaintiff’s claim is barred by the statute of limitations, 28 U.S.C. § 2501, and plaintiff has moved for summary judgment.
The court concludes, for reasons to be explained, that defendant’s motion must be denied; a statement of the facts pertinent to plaintiff’s motion follows:
Plaintiff, a first lieutenant in the Medical Corps, Officers’ Deserve Corps, was ordered to extended active duty in the Army effective January 16, 1941. On November 9, 1942, plaintiff was promoted to the grade of captain. In March 1943, while serving as a medical officer with a combat unit in the North African campaign, plaintiff became ill; in June 1943 he was hospitalized overseas, and shortly thereafter he was returned to the United States for further hospitalization. On October 9, 1943, plaintiff appeared before an Army Ke-tiring Board which found that he was incapacitated for active service, that the incapacity was permanent, and that the cause of the incapacity was a duodenal ulcer which was an incident of service. The Surgeon General concurred in these findings but, in view of the then urgent need for medical officers, he directed the Board to determine whether plaintiff was physically qualified for limited service. On December 4,1943, a reconvened Betiring Board met and affirmed the prior Board’s finding of incapacity for active service, but added the recommendation that plaintiff be placed on limited service duty. The Surgeon General concurred in both the finding of incapacity and the recommendation of limited service.
Effective December 22, 1943, plaintiff, pursuant to his request, was relieved from active duty by reason of physical disability and was placed on inactive status. On December *251 81, 1943, the Secretary of War approved the findings of the December 4, 1943, Retiring Board.
By orders dated December 30, 1943, plaintiff was called to active duty for limited service effective January 13,1944. During the period of limited service, plaintiff continued to suffer from his disability. On December 6, 1945, a third Retiring Board found plaintiff to be permanently incapacitated for active service; and, finally, on January 11,1946, he was relieved from active duty on the ground of physical disability.
The Surgeon General did not concur in the findings of the December 6,1945, Retiring Board. Thus, a fourth Retiring Board was convened on March 7, 1946, which Board, in accord with a suggestion of the Surgeon General’s office, found that plaintiff was not permanently incapacitated for active service and recommended 6 months’ temporary limited inactive duty status to be terminated by reexamination and reevaluation. On April 4,1946, after plaintiff’s release, he was authorized to report in September 1946 to an Army hospital for a reexamination and a determination of his eligibility for retirement pay benefits. Plaintiff declined to undergo further reexamination but requested that a decision be made on the basis of his previous hospitalizations and the existing record. The Adjutant General informed him in January 1947 that his case would be filed without further action.
On April 17,1961, plaintiff applied to the Army Board for the Correction of Military Records to have his -records changed to show that he was certified to the Veterans Administration for disability retirement benefits, effective December 23,1943. After a hearing held on February 21,1962, at which plaintiff personally appeared, the Correction Board concluded that the failure to certify plaintiff to the Veterans Administration was “neither erroneous nor unju'st.” In accord with the Correction Board’s, recommendation, plaintiff’s application was denied on June 14, 1962. The result of the various proceedings was that plaintiff has received no disability retirement pay.
*252 The first question to be considered is whether or not plaintiff’s claim is barred by the statute of limitations. Assuming that plaintiff, in or before 1946, was entitled to receive disability retirement pay, the precise issue is whether plaintiff’s failure to bring suit until 1963 precludes him from any recovery.
Defendant contends that plaintiff’s cause of action accrued in 1946 and that, therefore, it is barred by the 6-year limitation. In support of its position, defendant cites Lipp v. United States, 157 Ct. Cl. 197, 301 F. 2d 674, cert. denied, 373 U.S. 932 (1962), and Friedman v. United States, 159 Ct. Cl. 1, 310 F. 2d 381, cert. denied, 373 U.S. 932 (1962). Defendant’s argument can be answered by pointing out a basic factual distinction between the instant case on the one hand and Lipp and Friedman on the other. In neither of the latter two cases was there a finding of permanent disability by a retiring board; however, such a finding was made with regard to Captain Lerner (on December 4, 1943) and the Retiring Board’s determination was approved by the Secretary of War on December 31, 1943. The relevance of such a finding to the limitations problem was pointed out in Barnes v. United States, 163 Ct. Cl. 321 (1963). In 1944 Barnes was found by a Retiring Board to be permanently incapacitated for active service, but, contrary to his wishes, he was retained on active duty in limited service status. In 1946 a subsequent Retiring Board held that Barnes was not permanently incapacitated, and he was relieved from active duty not for physical disability. Barnes brought suit in 1961. This court concluded that, since the findings of the 1944 Retiring Board were in effect approved by the Secretary of War, Barnes was entitled to disability retirement pay in 1944; we added (p. 328) that his right to the pay had “passed beyond ‘those other claims dependent on prior administrative evaluation,’ and had become a claim ‘independent of administrative determination.’ Friedman v. United States [supra].” Thus, in Barnes, on the basis of Gordon v. United States, 134 Ct. Cl. 840, 140 F. Supp. 263 (1956), this court held the continuing claim theory to be *253 applicable and permitted recovery for the 6 years prior to institution of the suit. In Gordon, we stated (at pp. 843-44) :
* * * when the claim is dependent only upon the law as written independent of any action by a board or agency, an action may be brought for any payments becoming due thereon within six years before the petition is filed. * * *
In this case, any claim plaintiff might have , is dependent upon his military record and the law, independent of the action of any board or agency. If he has a claim it accrues on each pay period, and, in the event of failure to be paid, a new claim would accrue at each successive pay period. * * *
From the standpoint of limitation, the instant case is similar to Barnes v. United States, supra, and, in some respects, the present plaintiff’s case is even stronger. The actual approval of the Secretary was given to the finding of Captain Lerner’s disability; also, Captain Lerner was, prior to his limited service, actually relieved from active duty. Thus, assuming that in 1943 plaintiff obtained the right to receive retirement pay, we conclude that the continuing claim theory is applicable in this case. It is not correct to state that plaintiff’s sole cause of action accrued in 1943; rather, in that year, events occurred which gave rise to a continuing claim. A new cause of action accrued at each pay period and those coming within the 6 years prior to the filing of the petition are not barred by the statute of limitations.
As one alternative, plaintiff seeks to recover for the entire period since December 23, 1943. We hold that the amount obtainable under the continuing claim theory is the limit of plaintiff’s recovery; the “installments” which fell beyond the 6-year period are barred by the statute of limitations. The denial in 1962 of plaintiff’s application for correction of his records did not give rise to a new cause of action which would permit him to recover for more than the 6-year period. Friedman v. United States, supra, at p. 25.
Having concluded that the statute of limitations is not an absolute bar to recovery, it must be determined whether *254 plaintiff’s claim lias merit; that is, whether plaintiff is entitled to disability retirement pay.[1]
A prerequisite for entitlement to disability retirement pay is approval by the Secretary of a retiring board’s finding of service-caused incapacity. In the instant case, the significance of the approval by the Secretary of War of such a Sliding was not lessened by the fact that plaintiff was considered to be physically qualified for limited service. In Barnes v. United States, supra, recovery of disability retirement pay was allowed; and Barnes, like the present plaintiff, was found to be fit for limited service and likewise he served in that status. Furthermore, it should again be noted that in the instant case, as opposed to Barnes, there were (1) actual approval by the Secretary of the finding of incapacity and (2) actual relief from active duty prior to the limited service. We conclude, therefore, that neither the finding of qualification for limited service nor the tour of duty in limited service status is reason to deny plaintiff the benefits otherwise resulting from the determination of incapacity.[2] Since the Secretary gave his approval to the finding of permanent incapacity, recovery is not prevented by the fact that plaintiff was never certified to the Veterans Administration as being eligible for disability retirement pay.[3]
*255 Finally, there arises the question of the effect of the March 7, 1946, Retiring Board’s finding that plaintiff was not permanently incapacitated for active service. Defendant asserts that, even assuming plaintiff was entitled to disability pay upon his release on December 22,1943, subsequent events, including the finding of fitness, operated to rescind the entitlement. In support of this proposition, defendant cites Spencer v. United States, 121 Ct. Cl. 558, 102 F. Supp. 774, cert. denied, 344 U.S. 828 (1952). In Spencer, a finding of service-caused incapacity was revoked after it had been approved by the Secretary, but it is crucial to note that the basis of the revocation was newly discovered evidence about Spencer’s condition at the time of the original Retiring Board. In the present case, there has been no showing that the decision of the 1946 Retiring Board was founded upon new evidence regarding plaintiff’s condition in 1943. Absent such a showing, the matter is governed by Campbell v. United States, 132 Ct. Cl. 122, 127, 132 F. Supp. 225 (1955), where this court stated: “The findings of a Retiring-Board, once approved by the Secretary of War, cannot be changed because of a mere revaluation of the existing evidence.” Our conclusion in the present case that there was. no effective rescission of the findings of the December 4,. 1943, Retiring Board, approved by the Secretary of War, is-siimilar to the decision reached in Barnes v. United States, supra, at p. 328. Therefore, we hold that the events of December 1943 and, in particular, the approval of the finding of permanent incapacity did give rise to plaintiff’s entitlement-to disability retirement pay and that plaintiff may recover-the amounts which have become due during the period *256 from the date 6 years prior to the filing of the petition to the date of judgment.
Plaintiff’s motion for summary judgment is granted and defendant’s motion to dismiss is denied. Judgment will be entered accordingly. The amount of recovery will be determined pursuant to Rule 47(c).
In accordance with the opinion of the court and a memorandum report of the commissioner as to the amount due thereunder, it was ordered on 'March 29,1965, that judgment for the plaintiff be entered for $18,717.84.

 Among the statutes upon which plaintiff places reliance is Section 1261, Revised Statutes, 10 U.S.C. § 933 (1946), which provides: ‘When a retiring board finds that an officer is incapacitated for active service, and that his incapacity is the result of an incident of service, and such decision is approved by the President, such officer shall be retired from active service and placed on the list of retired officers.”
Another provision which plaintiff cites is Section 6, Act of April 3, 1939, 53 Stat. 555, 557, as amended, 10 U.S.C. §456 (1946), which states that any Army officer ordered to extended active military service who suffers disability in line of duty shall receive the same retirement pay, etc., as officers of the Regular Army.

 It should be noted that plaintiff does not question the proposition that receipt of active duty pay for limited service precludes the concurrent payment of disability retirement pay.

 In Barnes, supra, we emphasized the failure of the Government to comply with the procedures contained in war Department Memorandum W-605-44 (February 21, 1944). The latter memorandum is essentially similar to the November 1, 1943, directive of the Adjutant General which both parties in the instant ease have offered as an exhibit. Two of the provisions of the Adjutant General’s letter follow:
1. The following procedure is directed in the cases of officers found permanently incapacitated for active service but recommended by *255 Army Retiring Boards for retention on active duty in a limited service-status:
a. Officers -who do not desire to remain on active duty will be relieved;., therefrom.
$ Jjc # *
2. In the case of retention of an officer on active duty in a limited-, service status after his appearance before an Army Retiring Board, the-findings of the Board will be approved or disapproved in the Adjutant General’s Office at the time of issuance of limited service orders, in. accordance with present instructions and policies, but the certification of the case to the Veterans’ Administration will be deferred until the-order directing the officer’s relief from active duty is issued.