Robert J. COSGRIFF

v.

The UNITED STATES.

No. 50–66.

United States Court of Claims.

Dec. 15, 1967.

Harry E. Wood, Washington, D. C., attorney of record, for plaintiff. Marvin M. Mitchelson, Beverly Hills, Cal., and Jeffrey M. Glosser, Washington, D. C., of counsel.

LeRoy Southmayd, Jr., Washington, D. C., with whom was Acting Asst. Atty. Gen. Carl Eardley, for defendant.

Before COWEN, Chief Judge, JONES, Senior Judge, and DURFEE, DAVIS, COLLINS, SKELTON, and NICHOLS, Judges.

COLLINS, Judge.

Plaintiff, a former commissioned officer of the Army of the United States, seeks to recover disability retirement pay for the 6 years prior to the filing of his petition on February 14, 1966. Defendant has moved to dismiss the petition on the ground that plaintiff's claim is barred by the statute of limitations, 28 U.S.C. § 2501, and plaintiff has moved for summary judgment. A statement of facts follows:

In 1945, plaintiff, a captain in the United States Army, was relieved from active duty, not for physical disability, and was honorably discharged. Plain-

tiff appeared before an Army Retiring Board, duly convened at Letterman General Hospital, April 20, 1948, some 3 years after his active service had ended. The Army Retiring Board found that plaintiff was permanently incapacitated for general service and did not recommend him for any type of military duty. It further found that the incapacity originated in June 1955; that he had become incapacitated for active service on November 20, 1944; and that the incapacity was the result of an incident of service. On May 21, 1948, the Surgeon General's office concurred in the findings and recommendations of the Army Retiring Board. By letter of June 3, 1948, plaintiff was advised by the Adjutant General that the Department of the Army had concurred in the findings of the Army Retiring Board, and that, at the earliest practicable date, he would be certified to the Veterans Administration as eligible for retirement pay benefits, effective the day following his release from active duty in 1945. In the meanwhile, however, on May 28, 1948, the Secretary of the Army's Personnel Board disapproved the Army Retiring Board's findings on the basis that permanency had not been established "at this time," and directed reexamination, reevaluation, and a new Army Retiring Board at the end of 6 months. Relying upon the action of the Personnel Board, the Adjutant General, acting for the Secretary of the Army, on July 12, 1948, disapproved the findings of the Army Retiring Board of April 20, 1948, and informed plaintiff that his June 3d letter resulted from an administrative error and should be disregarded.

By notice dated January 17, 1949, sent by the Army Retiring Board, Presidio of San Francisco, plaintiff was notified to appear for a hearing before an Army Retiring Board at Letterman General Hospital, San Francisco. The notice read, in part, as follows:

* * * The Board will make findings with respect to whether you are (are not) permanently incapacitated for general service. *If it finds that you are incapacitated, it will also make findings with respect to the following matters:*

\* \* \* \* \* \*

f. *Whether you are capable of performing general service with waiver.* [Emphasis added.]

When plaintiff appeared before the new Army Retiring Board, convened January 25, 1949, the medical witnesses testified, *inter alia,* that plaintiff was not capable of performing general military duty, but that he could perform general military duty with a waiver.

The Army Retiring Board then found that plaintiff *"is qualified for general military service with a waiver,* the waiver being granted because of the diagnosis stated by the medical witnesses." [Emphasis added.]

On March 11, 1949, the Surgeon General changed his previous recommendation and concurred in the finding of the 1949 Army Retiring Board. On March 15, 1949, the Army Personnel Board, acting for the Secretary of the Army, directed approval of the finding of said Army Retiring Board, and on March 17, 1949, the Adjutant General, by order of the Secretary of the Army, endorsed the finding as approved.

Plaintiff was unsuccessful in all subsequent attempts to appeal and to correct his military records to reflect retirement for physical disability.

Plaintiff filed his petition in this court on February 14, 1966. Defendant has moved to dismiss the petition on the ground that the claim accrued, as a whole, upon the 1949 Army Retiring Board's final action and thus is barred by the 6-year statute of limitations, 28 U.S.C. § 2501. Plaintiff has filed a motion for summary judgment with respect to the period 6 years prior to the filing of the action, basing his argument upon the continuing claim theory. The court concludes, for reasons to be explained, that defendant's motion should be denied and plaintiff's motion should be granted.

The law in the area of continuing claim cases is summarized in the case of Fried-

man v. United States, 310 F.2d 381, 159 Ct.Cl. 1 (1962), cert. denied, 373 U.S. 932, 83 S.Ct. 1540, 10 L.Ed.2d 691 (1963). That case describes the following as the important characteristics of continuing claim cases: (1) Congress has not entrusted an administrative officer with the determination of the claimant's eligibility for the particular pay sought; (2) the case turns on either issues of law or on specific issues of fact which the court is to decide for itself (i. e., Congress has not established any administrative tribunal to *decide* either the factual or the legal questions); and (3) the case does not involve the exercise of expertise and discretion.

These principles led this court, in the cases of Lerner v. United States, 168 Ct. Cl. 247 (1964), and Barnes v. United States, 163 Ct.Cl. 321 (1963), to conclude that an administrative determination of unfitness for active military service, having once received the approval of the Secretary of the Army, was thereafter barred from further reevaluation (except on grounds of substantial new evidence) and immediately gave rise to a continuing claim accruing at each successive pay period.

In *Barnes*, supra, plaintiff was found in 1944 to be permanently incapacitated for active service as an incident of his service. However, the Board also recommended that he be retained for limited service. Barnes was so retained, despite his indicated desire to be released. Plaintiff Barnes was finally released from active duty on August 20, 1946, not for physical disability, after a 1946 Army Retiring Board found him not permanently incapacitated for active service. The court disregarded the 1946 Army Retiring Board's proceedings for the reason that plaintiff's retention on active limited service through 1946 was illegal. The court held that, by applicable law, after the Secretary had approved the 1944 Army Retiring Board's finding of incapacity, Barnes was entitled to be released from service and to receive disability retirement pay.

After noting that the 1944 Army Retiring Board's findings were, in effect, approved by the Secretary of War, the court concluded that Barnes' claim was a continuing claim. At 163 Ct.Cl. 328, the court said:

> For the above stated reasons, we feel that plaintiff is entitled to relief under the "continuing claim" theory. As we said in *Gordon* [Gordon v. United States], supra:
>
> " * * * when the claim is dependent only upon the law as written independent of any action by a board or agency, an action may be brought for any payments becoming due thereon within six years before the petition is filed. * * *
>
> "In this case, any claim plaintiff might have is *dependent on his military record and the law,* independent of the action of any board or agency. If he has a claim it accrues on each pay period, and, in *the event of failure to be paid, a new claim would accrue at each successive pay period.* * * * 134 Ct.Cl. [840] at 843–44, 140 F.Supp. [263] at 265. [Emphasis supplied.]"

In the instant case plaintiff was released from service as a matter of law, and was entitled to disability retirement pay in or around April, 1944. Contrary to his lawful right he was retained on a limited service status for another two years. But his right to the disability retirement pay had now passed beyond "those other claims dependent on prior administrative evaluation," and had become a claim "independent of administrative determination." Friedman v. United States, 159 Ct.Cl. 1, 10, 310 F.2d at 387 (1962), cert. denied, 373 U.S. 932 [83 S.Ct. 1540, 10 L.Ed.2d 691] * * *

The *Lerner* case, supra, was very similar to the *Barnes* case, except Lerner was actually released from active duty after the Secretary of the Army had approved the finding of a 1943 Army Retiring Board that plaintiff was permanently incapacitated for active service as an incident of his service. Then, upon

recommendation of a reconvened Retiring Board, Lerner was recalled to active duty for limited service and subsequently found by a 1946 Army Retiring Board to be not permanently incapacitated. The court, ignoring the second Army Retiring Board's proceedings, found that Lerner had a continuing claim for disability retirement pay. The court repeated the rationale of *Barnes* that, upon approval by the Secretary of a Retiring Board's finding of incapacity, the right to pay had passed beyond those other claims dependent on prior administrative evaluation and had become a claim independent of administrative determination. 168 Ct.Cl. at 253.

The *Lerner* and *Barnes* cases were recently reaffirmed by the similar case of Wason v. United States, 179 Ct.Cl. 623 (1967). In applying the continuing claim theory, the court explained that "plaintiff's present claim is based upon a right already established." Id. at 631.

The instant case is only a variation of the *Lerner* and *Barnes* cases and is controlled by those cases. The applicable statutes [1] grant plaintiff an established right to disability retirement with pay upon approval of an Army Retiring Board's finding of a service-connected permanent incapacity for active service. The only difference between the instant case and the *Lerner* and *Barnes* cases is that, instead of finding plaintiff permanently incapacitated for active service, but recommending retention in a limited-service status, the 1949 Army Retiring Board in the instant case found plain-

tiff Cosgriff "qualified for general military service with a waiver." But, as a matter of law, the two findings amount to the same thing—by finding plaintiff qualified for general military service with a waiver, the Board was, in substance, finding plaintiff permanently incapacitated for active military service, and this finding was approved by the Secretary.

Relying upon paragraph 60a(2) of War Department Technical Manual TM 12–245, October 1, 1945 [2] (entitled "Physical Reclassification, Retirement and Retirement Benefits for Officers), this court has held that an officer is incapacitated for active service when he is incapable of performing full military duty, field as well as garrison, including oversea duty. This means no less than general service. Woodard v. United States, 167 Ct.Cl. 306 (1964); Weiner v. United States, 148 Ct.Cl. 445 (1960).

Thus, under the statutes and regulations cited above, the Army Retiring Board had to address itself to the question of whether plaintiff was incapacitated for active service. In doing so, it found plaintiff "qualified for general military service with a waiver."

The use of the "waiver" device has no application to disability retirement, but rather is concerned only with the standards for original appointment and for retention in the service. Under applicable regulations,[3] an individual with a waiver for physical defects was, by definition, a limited-service officer, *not fit for general service.*

---

1. 10 U.S.C. § 933 (1946) provides as follows:

    "§ 933. Disability found by retiring board to be incident of service.

    "When a retiring board finds that an officer is incapacitated for active service, and that his incapacity is the result of an incident of service, and such decision is approved by the President, said officer shall be retired from active service and placed on the list of retired officers."

    10 U.S.C. § 971 (1946) provides as follows:

    "§ 971. Rate of pay of retired officers.

    "Officers retired from active service shall receive 75 per centum of the pay of

the rank upon which they are retired."

Since plaintiff was on extended active military duty when discharged, another relevant provision is 10 U.S.C. § 456 (1946), which states that any Army officer ordered to extended active military service, who suffers disability in line of duty, shall receive the same retirement pay, etc., as officers of the Regular Army.

2. The manual was published several months after plaintiff's release. Paragraph 60a(2), however, was designed to explain and interpret the law as it already was and thus is of value here.

3. Para. 15, AR 40–100, Nov. 16, 1942.

This court, of course, does not seek to apply the standards for original appointment and for retention to the question of entitlement to disability retirement, since the standards for the two fields are entirely different. Towell v. United States, 150 Ct.Cl. 422 (1960). According to the Army regulations[4] in force at the time, the only purpose of a waiver was to permit the Army to accept or retain in the service critically needed personnel who could not qualify physically for general service. However, defendant is the one who interposed these original appointment procedures into the area of disability retirement. The Board found plaintiff qualified to serve with a waiver. What did that mean? What was the Board saying, or at least what did it think it was saying, about plaintiff's physical condition? Our task is simply to interpret that language, and the only evidence available on the meaning of waiver is the regulations in the area of original appointment and retention standards.

In short, use of a waiver in the original appointment field means that one is not fit for general service. Since the Board employed a waiver in plaintiff's disability retirement proceedings it must have thought plaintiff not fit for general service insofar as disability retirement standards were concerned.

It becomes even clearer that the 1949 Board considered plaintiff incapacitated for general service when certain facts stated above in this case are reviewed, especially the January 17, 1949, notice to plaintiff.

The 1948 Army Retiring Board found plaintiff permanently incapacitated for general service. The Secretary of the Army's Personnel Board disapproved these findings and directed the reexamination of plaintiff which led to the convening of the 1949 Board. It is noteworthy that the Army Personnel Board did not question the Army Retiring Board's finding that plaintiff was incapacitated for general service; it only questioned the permanency of the incapacity. Then the January 17, 1949, letter, notifying plaintiff to appear before the 1949 Army Retiring Board, stated that the Board would make findings on whether he was permanently incapacitated for general service, and that "If it finds that you are incapacitated, it will also make findings with respect to * * * whether you are capable of performing *general service with waiver.*" [Emphasis supplied.] Even the medical witnesses testified that plaintiff was not capable of performing general military duty, although they also testified to the legal irrelevancy that plaintiff could perform general military duty with a waiver.

■ After recitation of the above facts, there can be no question that the 1949 Board's finding that plaintiff was "qualified for general military service with a waiver" was, in substance and as a matter of law, a finding that plaintiff was permanently incapacitated for general service. For if the Board had not so found, it would not have deemed it necessary to make the further finding with respect to waiver. An Army Retiring Board may not legally make use of the waiver device to deprive an officer of retirement pay benefits when it considers that officer incapacitated for general service. The proper and permissible use of waivers has been described above.

■ We therefore hold that, upon approval of the 1949 Army Retiring Board's findings by the Secretary, plaintiff's statutory claim for disability retirement pay became established, and such claim is a continuing claim. A new cause of action accrued at each pay period, and plaintiff may recover the amounts which have become due during the period from the date 6 years prior to the filing of the petition to the date of judgment.

Because of the conclusion arrived at above, the court considers it unnecessary

4. See ¶ 22, AR 605–10, May 26, 1944; ¶ 3, AR 40–105, Oct. 14, 1942; ¶ 15, AR 40–100, Nov. 16, 1942.

to reach alternative contentions made by plaintiff in his brief.

Plaintiff's motion for summary judgment is granted, and defendant's motion to dismiss is denied. Judgment will be entered accordingly. The amount of recovery will be determined pursuant to Rule 47(c).