Robert Davis POWERS, Jr.

v.

The UNITED STATES.

No. 380–67.

United States Court of Claims.

Oct. 18, 1968.

Patrick W. Lee, Washington, D. C., attorney of record, for plaintiff. Reavis, Pogue, Neal & Rose, Washington, D. C., of counsel.

Charles M. Munnecke, Washington, D. C., with whom was Asst. Atty. Gen., Edwin L. Weisl, Jr., for defendant.

Before COWEN, Chief Judge, LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON and NICHOLS, Judges.

SKELTON, Judge.

Plaintiff is a former member of the United States Navy who was retired from that service on May 1, 1964, after serving as a rear admiral and receiving the maximum basic pay of a rear admiral of the upper half, pay grade 0-8, pursuant to 37 U.S.C. § 202(i). At that time, he was accorded retirement pay based upon the maximum basic pay of a rear admiral of the lower half, pay grade 0-7, rather than the higher rate of retired pay based upon the maximum basic pay of a rear admiral of the upper half. Plaintiff claims that he is entitled to have his retired pay computed upon the basis of the highest basic pay he received while on active duty, and claims the difference in retired pay allegedly due him from the date of his retirement. Both parties have moved for summary judgment and there is no factual dispute. The basic issue is whether Congress intended to have plaintiff's retired pay computed on the basis of the highest basic pay he received while on active duty, namely, the maximum basic pay of a rear admiral of the upper half, pay grade 0-8.

We hold that the statutory scheme clearly bares the Congress' intention that plaintiff's retired pay be based upon the highest rate of pay he received while on active duty.

Plaintiff served as Deputy and Assistant Judge Advocate General of the Navy in the grade of captain, from August 1, 1960, until July 1, 1961. On July 1, 1961, the President of the United States, acting upon the recommendation of a selection board under the authority of 10 U.S.C. § 5787, appointed plaintiff to the grade of rear admiral, for such time as plaintiff should continue to serve as Deputy and Assistant Judge Advocate General of the Navy. Plaintiff served in that grade from July 1, 1961, until the date of his retirement from the Navy and received the maximum basic pay of a rear admiral of the upper half.

In accordance with his request, and having completed more than 20 years of active service, plaintiff was retired as of May 1, 1964, pursuant to 10 U.S.C. § 6323 (1964), in the grade of rear admiral, the Secretary of the Navy having determined, pursuant to 10 U.S.C. § 6323 (c), that he served satisfactorily in that temporary grade.

The Navy Paymaster, holding plaintiff's retired pay accounts has since the date of plaintiff's retirement, computed and paid to plaintiff retired pay based upon the maximum basic pay of a rear admiral of the lower half, pay grade 0-7, rather than computing such sum on the pay grade plaintiff attained while serving on active duty.

Plaintiff's claim is necessarily based entirely on the statute entitling him to retired pay. An officer retired, as was plaintiff, under 10 U.S.C. § 6323 is entitled to:

(e) * * * *retired pay at the rate of 2½ percent of the basic pay of the grade in which retired* multiplied by the number of years of service that may be credited to him under section 1405 of this title, but the retired pay may not be more than 75 percent of the basic pay upon which the computation of retired pay is based. [Emphasis supplied.]

To be sure this is a novel back pay claim as it only involves one officer, and

it cannot arise in the Army or the Air Force since those services do not have an upper and lower half pay grade breakdown.

■ As framed by the plaintiff, there would appear to be no necessity for any construction of the words of the controlling statute since their meaning is clear. See Ricker v. United States, 396 F.2d 454, 456, 184 Ct.Cl. 402, 406 (1968). We are also of the opinion that an extended discussion of the cited statutes and legislative materials is unwarranted. It would be most extraordinary for Congress to have intended computation of retirement pay upon the basis of a grade never held at all by the serviceman. The grade pertinent to the instant litigation which was never held by plaintiff is rear admiral of the lower half. Indeed, defendant's counsel at oral argument could not explain how anyone could be retired at a grade to which he had never been appointed. Defendant's counsel then had to concede that this case involves a most unusual situation.

■ Even if we were not to consider rear admiral of the upper half and lower half as separate grades, our anlaysis is not thereby diminished. The plaintiff's designation of the problem presented is that there is more than one rate of basic pay for any given grade. It would have been equally astonishing, in our view, for Congress to have intended the computation of retirement pay based upon a rate of basic pay never applicable to the serviceman, e. g., pay grade 0–7, herein. We feel that the highest rate of basic pay received while on active duty is the proper statutory barometer by which to measure retirement benefits. This standard also accords with military incentive principles.

The defendant arbitrarily chooses the lower half as the basic pay of the grade in question. To our thinking, the upper half is as much the basic pay of that grade (rear admiral) as the lower half and its employment is compelled in the circumstances of this case.

Prior to the 1963 amendment to Section 6323(e), it provided that the retired pay entitlement was based upon the "basic pay to which * * * [the retired officer] would be entitled if serving on active duty in the grade in which retired * * *." In the present statute, supra, there was eliminated from that statement of retired pay entitlement the phrase "to which * * * [the retired officer] would be entitled if serving on active duty in * * *." The word "of" was substituted therefor, giving us the present statutory language. We have been persuaded that no change in the result of any case such as the present was intended.

Before we insert the concluding paragraph in this opinion, disposition of the defendant's prime contentions is in order.

First, the defendant maintains that in analogous situations, a specific provision is tailored authorizing retirement in the upper half. More specifically, the defendant refers to 10 U.S.C. § 5133, applicable to Bureau Chiefs and The Judge Advocate General; 10 U.S.C. § 5138, applicable to the Chief of Dentistry; and 10 U.S.C. § 5150(c), applicable to the Chief of Naval Research. In each of the above cases, retired pay in the upper half of the grade is specifically provided by statute. Defendant naturally urges that the absence of such a statute here, bars plaintiff's claim. There is a slight inconsistency in the defendant's position as it agrees that plaintiff is entitled to retirement in the grade of rear admiral. No sound reason is given for denying plaintiff retirement pay based upon rear admiral, upper half.

Furthermore, plaintiff informs us that there was no statute assigning the Deputy Assistant Judge Advocate General any particular active duty rank. The Congress simply never had any occasion to define plaintiff's retired pay in that manner. In addition, plaintiff was the first Deputy and Assistant Judge Advocate General to hold the rank of rear admiral.

Also, prior to 1946 and the enactment of the predecessor to 10 U.S.C. § 6323, retired pay was based on the rank held at the time of retirement. Specific statutes were necessary to enable officers who retired while serving in a lower grade after having held a higher temporary grade the privilege of retiring at the higher grade. If section 6323, supra, had been in effect prior to 1946, specific legislation need never have been enacted because section 6323 permits retirement at the highest temporary grade. The specific wording of the statutes cited by defendant authorizing upper half retirement pay is now surplusage and historical residue.

Finally, defendant relies upon recent legislation, P.L. 90–179, dated December 8, 1967, 81 Stat. 545, which established a Judge Advocate General's Corps in the Navy. The law as enacted made specific provision for the retirement of the Deputy Judge Advocate General as rear admiral in the upper half.

Prior to the time the hearings were held on P.L. 90–179, the Comptroller General had rendered an adverse decision in Admiral Powers' case, but there had been no judicial interpretation of the existing law. Our examination of the legislative materials referred to by defendant leads us to the conclusion that Congress was doing nothing more than spelling out the result it and the Navy desired, lest the Comptroller General's interpretation be adopted by the courts.[1] Under these circumstances, we do not regard the material relied upon by defendant as an authoritative or conclusive interpretation of the intent of another Congress which enacted the prior law. Rainwater et al. v. United States, 356 U.S. 590, 593, 78 S.Ct. 946, 2 L.Ed.2d 996 (1958).

Accordingly, plaintiff's motion for summary judgment is granted, defendant's cross motion for summary judgment is denied, judgment is entered for plaintiff, and the case is remanded to the trial commissioner with the amount of plaintiff's recovery to be determined under Rule 47(c).

---

1. Hearings on H.R. 12910 Before the House Comm. on Armed Services, 90th Cong., 1st Sess. 5299 (1967); Hearings on H.R. 12910 Before the Senate Comm. on Armed Services, 90th Cong., 1st Sess. 64 (1967); S.Rep. No. 748, 90th Cong., 1st Sess. 3 (1967); H.R.Rep. No. 710, 90th Cong., 1st Sess. 9 (1967).