Sophia E. SELMAN, as Executrix of the Estate of Richard J. Selman, deceased, and George S.H. Sharratt, Jr., Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 507–82C.

United States Claims Court.

March 4, 1983.

---

Penrose Lucas Albright, Arlington, Va., with whom was Mason, Mason & Albright, Arlington, Va., of counsel, for plaintiffs.

Kathleen A. Flynn, Washington, D.C., with whom were Asst. Atty. Gen. J. Paul McGrath and B.J. Plunkett, III, Washington, D.C., of counsel, for defendant.

## OPINION

KOZINSKI, Chief Judge.

The issue in this military pay case is whether the plaintiffs[1] are entitled to a higher rate of retired pay than they have been receiving from the United States Navy.

## FACTS

George S.H. Sharratt, Jr., served as an assistant judge advocate general (AJAG) of the Navy from July 16, 1968, until October 1, 1970, when he retired after 20 years of service. 10 U.S.C. § 6323 (1959 & Supp.

1982).[2] Richard J. Selman served as an AJAG from August 20, 1968, until May 1, 1972. He then served in another position until July 1, 1973, when he retired with a disability under 10 U.S.C. § 1201. While serving as AJAGs (and at all other relevant times) both men were captains and were compensated on the basis of an 06 pay grade.

In 1972, Sharratt and Selman brought suit arguing that they should have been paid on the basis of the higher 07 pay grade because 37 U.S.C. § 202(*l*) (1968) entitles AJAGs "to the basic pay of a rear admiral (lower half)." Rear admirals (lower half) receive basic pay reflecting the 07 pay grade. 37 U.S.C. § 201. The Court of Claims upheld plaintiffs' argument. *Selman v. United States,* 204 Ct.Cl. 675, 498 F.2d 1354 (1974) (*Selman I*). The court's ruling raised plaintiffs' active duty pay, but it did not promote them from captains to rear admirals. *Id.* at 686, 498 F.2d 1354.

Pursuant to 10 U.S.C. § 5149(b) (1964 & Supp. V 1965–69), the Secretary of the Navy is given discretion to promote AJAGs to the rank of rear admiral (lower half) upon their retirement.[3] This discretion was not exercised when Sharratt and Selman retired and consequently they were retired as captains. Their retired pay has thus been computed on the basis of the 06 pay grade assigned to captains rather than the 07 active duty pay awarded them in *Selman I.*

In 1976 both men petitioned the Board for Correction of Naval Records alleging that the Secretary of the Navy had not been given an opportunity to exercise his

---

1. The plaintiffs in this case are George Sharratt and Richard Selman's widow, Sophia Selman, who took up her husband's claim upon his death. For simplicity, the term "plaintiffs" will generally refer to the officers whose pay is at issue.

2. Some of the code provisions at issue in this case have been amended in ways not applicable to plaintiffs' claims. For ease of reference, all citations are to the United States Code provisions in force at the time of the plaintiffs' retirements, rather than to the public laws originally enacting these provisions.

3. This provision must be understood in light of the Senate Armed Forces Committee's imposition of a non-statutory limit on the number of active duty flag officers that the Navy may appoint (the Stennis ceiling). The court in *Selman I* speculated that this ceiling may have been responsible for plaintiffs' nonpromotions despite their excellent records. 204 Ct.Cl. at 678, 498 F.2d 1354. The ceiling does not apply to promotions upon retirement and has thereby led to enactment of such provisions as section 5149(b). *See id.* at 684–86, 498 F.2d 1354.

discretion pursuant to section 5149 to promote them to rear admirals (lower half) when they retired.[4] In 1981, the board declined to act on plaintiffs' petitions, noting that since there were "no specific criteria to be applied in determining whether an officer is deserving of retirement as a rear admiral pursuant to [section 5149(b)]," it "was unable to conclude that Presidential discretion . . . should have been exercised." Memoranda from board to Secretary of the Navy, ¶ 3(f) at 3 (May 29, 1981) (attached to defendant's motion for judgment on the pleading). The board referred the petitions to the Secretary of the Navy, noting that the "current Secretary . . . still holds the authority to exercise Presidential discretion under [section 5149(b)] for his determination as to whether or not Petitioner[s] should have been retired in the grade of rear admiral (lower half)." Id. at 6.

John S. Herrington, Assistant Secretary of the Navy, Manpower and Reserve Affairs, summarily denied both petitions on July 16, 1982. Plaintiffs filed suit in this court approximately two months later.

## THE CLAIMS

Plaintiffs offer two separate arguments as to why their retired pay should be computed on the basis of an 07 pay grade. First, they argue that since they were paid at 07 while on active duty (pursuant to Selman I), their retired pay should reflect that rate. Alternatively, they argue that the Navy's July 16, 1982, decision not to promote them to rear admirals (lower half) under section 5149(b) was arbitrary and capricious and should be overturned. The arguments are considered in reverse order.

4. Plaintiffs produced letters from individuals who were Secretaries of the Navy at the time of their retirements. Letter from U.S. Senator John Chafee, former Secretary of the Navy, to John E. Corcoran, Jr., Executive Secretary of the Board for Correction of Naval Records (September 13, 1977); letter from John W. Warner, former Secretary of the Navy, to Mr. Corcoran (April 28, 1978); letter from Senator Chafee to Willard D. Pfeiffer, Executive Secretary of the Board for Correction of Naval Records (March 17, 1980) (all attached to complaint). These letters indicate that the authors

### A. The Section 5149 Claim

Section 5149(b) provides that "in the discretion of the President" qualified AJAGs "[may] be retired with the rank and grade of rear admiral (lower half)." It is clear from this language that section 5149(b) appointments are entirely discretionary. Plaintiffs can therefore demonstrate no entitlement to a promotion under this section.

■ This court's jurisdiction may be invoked only on the basis of a claim for money. Eastport Steamship Corp. v. United States, 178 Ct.Cl. 599, 605, 372 F.2d 1009 (1967). It has been repeatedly held that where a plaintiff cannot show entitlement to a position, he cannot state a claim for benefits associated with that position and therefore cannot maintain an action in this court. United States v. Testan, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); Koster v. United States, 231 Ct.Cl. ——, 685 F.2d 407, 413 (1982).

■ It is regrettable that the Secretaries under whom plaintiffs served as AJAGs may not have had the opportunity to exercise their discretion to promote them under section 5149(b). See n. 4 supra. However, even if plaintiffs could show that they were entitled to have that discretion exercised (a point which is far from clear), they could not show that they were entitled to the position itself and to the money that goes with it. In fact, the current Secretary of the Navy, acting through Assistant Secretary Herrington, has exercised his discretion under section 5149(b) and decided not to promote. Since that discretion is wholly unreviewable, there is nothing the court can do to reverse it.[5] No money judgment is

were not afforded the opportunity to promote plaintiffs pursuant to section 5149 and that they would have done so had the opportunity arisen.

5. The most that this court could offer by way of relief would be a remand for an explanation of the decision not to promote plaintiffs. Aside from the impropriety of requiring an explanation as to the exercise of Presidential discretion, such remand would not be a money judgment and therefore could not justify an exer-

therefore possible and the court cannot assert jurisdiction.

## B. *The Retired Pay Claim*

Plaintiffs' alternate claim is that their pensions should be based on the 07 pay grade on which their active duty pay was actually computed rather than on the 06 pay grade normally accorded captains.[6] Both men retired under provisions which entitle an officer to retired pay based upon the basic pay of the "grade" in which the officer retired. 10 U.S.C. §§ 1201, 1401, 6323(e).

At issue is the meaning of the term "grade" in these provisions. Plaintiffs argue that it refers to pay grade, *i.e.,* 06, 07, 08. Defendant argues that the term refers to officer grade, *i.e.,* commander, captain, rear admiral. Normally, the distinction is of no consequence because pay grades are strictly correlated to officer grades. *See* 37 U.S.C. § 201. Thus, commanders are assigned to the 05 pay grade and captains to the 06 pay grade. Rear admirals, which constitute a single officer grade,[7] are assigned two pay grades—07 and 08—corresponding to the designations rear admiral (lower half) and rear admiral (upper half).

*Selman I* held, however, that this neat correlation between pay grades and officer grades fails when a captain serves as an AJAG, since that position entitles the holder to 07 pay regardless of his rank. That ruling now requires this court to decide whether plaintiffs' retired pay should be computed on the basis of their lower officer grade or higher pay grade.

The court concludes that defendant is correct in its position that officer grade and not pay grade is the "grade" meant in 10 U.S.C. §§ 1201, 6323. Title 10 (armed forces) defines "grade" in terms of officer grades. *See* 10 U.S.C. §§ 101(18), 5501, 5503 (1959 & Supp.1982). "Pay grades" are defined in title 37 (pay and allowances of the uniformed services).[8] 37 U.S.C. § 201. While the concept of pay grades is used from time to time in title 10, *see, e.g.,* 10 U.S.C. §§ 555, 815 (1975 & Supp.1982), its use is carefully delineated by reference to the full phrase "pay grade." By contrast, whenever "grade" is used without a qualifying adjective, it invariably refers to what we have been terming as "officer grade." *See, e.g.,* 10 U.S.C. §§ 1522, 5751.[9] Since sections 1201 and 6323 also appear in title 10, it is appropriate to interpret their terms in accordance with the established usage in that title.

Finally and perhaps most telling, there is Court of Claims precedent indicating that "grade" as used in a retired pay statute, refers to officer grade and not pay grade. In *Powers v. United States,* 185 Ct.Cl. 481, 401 F.2d 813 (1968), the plaintiff was promoted from captain to rear admiral and at the same time was appointed to serve as deputy judge advocate general. Upon promotion from captain, a rear admiral is normally assigned to the pay grade 07, the lower of the two pay grades for rear admirals. However, pursuant to a provision analogous to the one applicable to AJAGs, deputy judge advocate generals are entitled to pay at the highest rate of their rank. 37 U.S.C. § 202(i). For rear admirals, this rate is 08. Thus, due to a concurrent pro-

---

cise of our jurisdiction. *Koster,* 685 F.2d at 413.

6. Defendant has conceded that these claims are continuing ones so that the court has jurisdiction over them for the six years preceding the complaint. *See Cosgriff v. United States,* 181 Ct.Cl. 730, 734, 387 F.2d 390 (1967).

7. *See* 10 U.S.C. § 5501(a)(3); *Powers v. United States,* 185 Ct.Cl. 481, 484, 401 F.2d 813 (1968).

8. Title 37 applies to all services, *e.g.,* the Public Health Service, not merely the armed forces established by title 10. *See* 37 U.S.C. § 101(3).

9. The cited sections are illustrative of the usage in title 10 which establishes that the term grade when unqualified does not refer to pay grade. Section 1522, for example, gives the President discretion to make certain posthumous promotions in grade. Section 1523, however, provides that "[n]o person is entitled to any bonus, gratuity, pay, or allowance" because of such posthumous promotion. It is therefore clear that the change in grade in section 1522 cannot refer to a change in pay grade.

motion and assignment to the deputy JAG position, Powers skipped 07 altogether, going from 06 to 08 pay.

Upon retirement under 10 U.S.C. § 6323, Powers received retired pay reflecting an 07 pay grade, the government reasoning that 07 was the basic pay of the grade (rear admiral) in which he had retired. The Court of Claims reversed on the ground that there was nothing any more basic about the 07 pay than the 08 pay with respect to the grade of rear admiral. 185 Ct.Cl. at 485. Since the grade of rear admiral peculiarly has two pay grades associated with it—07 and 08—the court thought that computation of Powers' retired pay should be on the basis of the 08 pay he had actually received. *Id.* at 484–85, 401 F.2d 813.

It is clear from the analysis in *Powers* that the court thought the term "grade" in section 6323 referred to officer grade and not to pay grade.[10] Indeed, Judge Skelton's detailed analysis in that case would have been wholly unnecessary if the court had thought that for purposes of computing retired pay "grade" meant "pay grade." It would have been sufficient for the court to state that proposition to dispose of the case. The court's analysis was premised on the assumption that Powers' grade was rear admiral and focused on the question of what basic pay was applicable to that grade under section 6323.[11]

In this case, plaintiffs retired as captains. Only one pay grade, 06, is associated with that officer grade. Under these circumstances, plaintiffs can make no claim under sections 1201 and 6323 for retired pay computed at a different rate. The court therefore concludes that plaintiffs' retired pay is and has been correctly computed.

## CONCLUSION

■ Plaintiffs' motion for summary judgment is denied. Defendant's motion

for judgment on the pleadings is granted. The complaint is dismissed, and costs are awarded to the prevailing party.

IT IS SO ORDERED.

---

**10.** Although *Powers* interpreted only 10 U.S.C. § 6323, the court's assumption that "grade" meant officer grade extends to the similarly worded provisions applicable to a section 1201 retirement.

**11.** While *Powers* contains broad language quite helpful to plaintiffs, 185 Ct.Cl. at 483–85, 401 F.2d 813, the holding is a narrow one: when there are two pay grades associated with an officer's retired grade, the retired pay must be computed on the basis of the pay actually received. 185 Ct.Cl. at 484–85, 401 F.2d 813.