Max G. **HALLIDAY**

v.

The **UNITED STATES.**

No. 339–84C.

United States Claims Court.

Jan. 30, 1985.

Penrose Lucas Albright, Arlington, Va., for plaintiff. Mason, Mason & Albright, Arlington, Va., of counsel.

Kathleen A. Flynn, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, Washington, D.C., for defendant. David M. Cohen, Director, and Robert A. Reutershan, Asst. Director, Washington, D.C., of counsel.

## OPINION ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

PHILIP R. MILLER, Judge:

### Question Presented

The issues herein are whether or not plaintiff's claim for promotion to and retirement as a Marine Corps brigadier general, pursuant to 10 U.S.C. § 5149(c), is barred by the statute of limitations, and, if not, whether the court may properly review the Secretary of the Navy's exercise of discretion in denying such promotion?

### Statement

Since defendant's motion is addressed to the sufficiency of the pleadings, the pertinent facts set forth herein are taken from the plaintiff's complaint, and attachments thereto.

Plaintiff was a reserve officer in the United States Marine Corps from January 16, 1958 until July 1, 1975, when he was retired in the grade of colonel. For a period of 38 months, from May 1, 1972, until retired, plaintiff was assigned to and served in the position of Assistant Judge Advocate General of the Navy (AJAG) pursuant to 10 U.S.C. § 5149(c) (1982).

Section 5149(c) provides as follows:

A judge advocate of the Marine Corps who has the qualifications prescribed for the Judge Advocate General in section 5148(b) of this title may be detailed as Assistant Judge Advocate General of the Navy. While so serving he is entitled to the rank and grade of brigadier general, unless entitled to a higher rank or grade under another provision of law. An officer who is retired while serving as Assistant Judge Advocate General of the Navy under this subsection or who, after serving at least twelve months as Assistant Judge Advocate General of the Navy, is retired after completion of that service while serving in a lower rank or grade, may, in the discretion of the President, be retired with the rank and grade of brigadier general. If he is retired as a brigadier general, he is entitled to the retired pay of that grade, unless entitled to higher pay under another provision of law.

The President delegated to the Secretary of the Navy his functions under § 5149.[1]

---

1. See of Exec. Order No. 11390, § 1(8), 33 Fed. Reg. 841 (1968), *reprinted in* 3 U.S.C. § 301 app. at 270–71 (1976).

Despite the provisions of § 5149(c), during the period in which plaintiff served as a AJAG, plaintiff was paid only as a colonel and not as a brigadier general. This was due to a decision of the Comptroller General, dated July 13, 1970 (No. B–168691, 50 Comp.Gen. 22 (1970)), concurred in by the Navy Department, ruling that the provisions of § 5149(b) and (c), entitling an AJAG to the rank and grade of rear admiral or brigadier general, and 37 U.S.C. § 202(*l*), authorizing pay at such grade when an officer is serving as an AJAG, apply only to an officer who has been "detailed" to such position, rank and grade, and not to an officer of lower rank and grade who has merely been administratively assigned to such position.

However, this decision was short lived. In the case of *Selman v. United States*, 204 Ct.Cl. 675, 498 F.2d 1354 (1974) (hereinafter *Selman I*), the Court of Claims held that the provisions of § 5149(b), providing that a naval officer of less than flag rank, detailed to the position of AJAG, while so serving, was entitled to be paid at the basic pay of a rear admiral, irrespective of whether or not he had been formally "detailed" to that position or had merely been assigned and was serving as such. On July 14, 1975, the Comptroller General issued a new opinion (No. B–168691, 55 Comp.Gen. 58 (1975)), in which he stated that, pursuant to the court decision in *Selman I*, a naval officer ordered to serve in the position of AJAG is entitled to at least the pay of a rear admiral while serving in such position, whether he was "detailed" or "assigned" to it, and that his 1970 decision would no longer be followed.

In the meantime, plaintiff was retired on July 1, 1975, in the grade of colonel.

On August 29, 1975, almost 2 months after his retirement, plaintiff filed an administrative claim based on § 5149(c) and 37 U.S.C. § 202(*l*), requesting that he be paid retroactively as a Marine Corps brigadier general for his service as a Navy AJAG. That application was approved.

Ten days later, on September 8, 1975, plaintiff submitted a letter to the Secretary of the Navy, J. William Middendorf II, also requesting advancement on the retired list to the rank and grade of brigadier general under § 5149(c). Six months later, on March 19, 1976, Secretary Middendorf wrote to plaintiff, rejecting his claim. He conceded that § 5149 would have permitted plaintiff's retirement as a brigadier general if the President (or the Secretary on his behalf) in the exercise of his discretion had so directed at the time of the retirement. However, he stated: the President did not so direct at that time; the law precludes the President from effecting a retroactive appointment to a higher grade; and there is a very substantial question as to whether § 5149 authorizes the President to directly promote an officer already retired. He suggested as a possible recourse a petition to the Board for Correction of Naval Records (Correction Board) for such remedial action, if any, as that Board might be considered to be warranted.

On June 1, 1977, plaintiff submitted an application to the Correction Board requesting that his records be corrected to provide that, effective July 1, 1975, while serving satisfactorily as an AJAG of the Navy, he was retired in the discretion of the President pursuant to § 5149(c), with rank and grade of brigadier general and with entitlement of retired pay of that grade.

The Correction Board's report was not issued until 5½ years later, on December 5, 1982. It found, *inter alia*, that:

(a) Prior to filing his application with the Board, plaintiff exhausted all administrative remedies afforded him under existing law and regulations within the Department of the Navy.

(b) Plaintiff had served as AJAG for military law from May 1, 1972 until July 1, 1975, but was not formally detailed as such, and accordingly remained in the rank and grade of a colonel and was paid as such.

(c) When plaintiff was retired on July 1, 1975, in the grade of colonel, the Secretary of the Navy did not exercise, either affirm-

atively or negatively, the authority delegated to him to exercise Presidential discretion pursuant to § 5149.

(d) On August 29, 1975, after his retirement, when plaintiff filed an administrative claim based on 37 U.S.C. § 202(*l*), requesting that he be paid as a brigadier general for his services as an AJAG, that application was approved.

(e) The Commandant of the Marine Corps recommended corrective action in favor of the plaintiff, premised on the facts that: (1) the Secretary of the Navy had not been provided an opportunity to exercise knowingly his delegated discretion to retire plaintiff in the grade of brigadier general, and (2) that there was a substantial basis to exercise that discretion in plaintiff's favor.

The Board concluded:

(a) That plaintiff was eligible to be the subject of Presidential discretion under § 5149.

(b) That upon review and consideration of all of the evidence of record, an injustice existed in plaintiff's case, in that the Secretary of the Navy at the time of plaintiff's retirement was not afforded an opportunity to exercise knowingly the authority delegated to him to exercise Presidential discretion under § 5149.

(c) That the most appropriate remedial action was the referral of plaintiff's case to the current Secretary of the Navy having the authority to exercise Presidential discretion under § 5149 for his determination *nunc pro tunc* as to whether or not plaintiff should have been retired in the grade of brigadier general.

On February 8, 1983, John F. Herrington, Assistant Secretary of the Navy (Manpower and Reserve Affairs), on behalf of the President, approved the Board's recommendation that Presidential discretion under § 5149 be exercised *nunc pro tunc*, but he then stated that he had reviewed the merits of plaintiff's case and concluded that correction of his record to show that he was retired in the grade of brigadier general was not warranted. He stated no other grounds for his decision.

The complaint in this case was filed on June 29, 1984. It claims the decision of the Secretary of the Navy, in acting for the President on plaintiff's application, was erroneous in that decision—

(a) failed to specify his reasons for his denial of plaintiff's application, as required by 32 C.F.R. §§ 723.3(e)(5), 723.7 (1983);

(b) discriminated against plaintiff in violation of 10 U.S.C. § 277 and the equal protection component of the Fifth Amendment's Due Process Clause;

(c) was based on recommendations or other material of which plaintiff was neither informed nor given an opportunity to answer and hence was not a proper basis for the action of the Secretary under 10 U.S.C. § 1552; and

(d) was arbitrary and capricious and constituted an abuse of authority.

Plaintiff demands judgment for the difference between his retired pay as received and retired pay based on the grade of brigadier general and for an order directing his grade and rank in a retired status to be corrected to that of brigadier general.

*Discussion*

Defendant's motion for judgment on the pleadings is based on five different grounds: First, plaintiff's claim is barred by the statute of limitations; second, it is barred by laches; third, the court lacks jurisdiction over plaintiff's discrimination claim; fourth, if the court does have jurisdiction, the discrimination claim should be rejected on the merits; and fifth, the court lacks jurisdiction over plaintiff's claim that the Secretary of the Navy violated applicable regulations. These will be discussed seriatim.

With the exception of the discrimination claim, the issues herein are substantially the same as those involved in *Selman v. United States*, 1 Cl.Ct. 702, *aff'd on other grounds*, 723 F.2d 877 (Fed.Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 2678, 81 L.Ed.2d 874 (1984) (hereinafter *Selman II*). In *Selman I* the two Navy captains who had been assigned to serve as AJAGs of

the Navy were held entitled to receive the basic pay of rear admiral during such service, irrespective of whether or not they had been promoted to such rank, pursuant to § 5149(b). In *Selman II,* both officers having retired with the rank of captain, they claimed entitlement to be retired with the rank, grade and pay of rear admiral.

The administrative proceedings preceding the filing of the complaint in *Selman II* were substantially the same as those herein. One captain had retired in 1970 and the other in 1972. At the times of their retirements, the Secretary of the Navy did not exercise, either affirmatively or negatively, the authority delegated to him to exercise Presidential discretion for retirement with the rank and grade of rear admiral because it was the Navy's erroneous view that such discretion was only appropriate when the officer had been formally "detailed" to the position of AJAG, whereas the captains had merely been assigned to such position. In 1976 the captains petitioned the Navy Corrections Board under 10 U.S.C. § 1552 for the higher retirement pay grade. In 1981 the Board issued a decision agreeing with the captains that the Secretary had never been given the opportunity to exercise the delegated Presidential discretion; but rather than itself reach any conclusion as to the merits, the Board wrote to the current Secretary that the most appropriate remedial action was for him to decide the captains' cases himself, *nunc pro tunc.* In July 1982 the Secretary approved the Board's report but then stated that he had reviewed the merits of the captains' cases and concluded that correction of their records to show that they were retired at the grade of rear admiral pursuant to § 5149(b) was not warranted.

After the Navy captains filed their suit in this court, the government moved for judgment on the pleadings dismissing the complaint on the grounds that plaintiffs' claims were barred by the statute of limitations and by the doctrine of laches, that the court lacked jurisdiction over the claims asserted under § 5149(b) because that section did not provide for the payment of money, because the section provided for

the exercise of discretion only by the executive and not by the courts, and because this court has no authority to require the promotion of military personnel, active or retired.

In *Selman II,* the Claims Court held that because the claims of the captains for promotion upon retirement pursuant to § 5149(b) were only allowable "in the discretion of the President", the court could not properly substitute its own discretion or review that of the executive; and even if the Navy Secretary failed to exercise his discretion (on behalf of the President) to promote the claimant to the higher rank, it would not entitle plaintiff either to the position or to the money claim which is a prerequisite to jurisdiction in the Claims Court. The court found it unnecessary to discuss the government's defenses that the suit was barred by the statute of limitations or laches. *Selman v. United States,* 1 Cl.Ct. 702 (1983).

Upon appeal by the captains, the government defended the dismissal below only on the grounds relied on by the Claims Court, and made no further mention of the statute of limitations and laches defenses. The Court of Appeals affirmed the decision below, but on a different theory. It declined the opportunity to decide (as did the court below) whether or not the exercise of discretion by the Secretary on behalf of the President pursuant to § 5149(b), no matter how arbitrary or capricious is not reviewable, because it found that the Secretary's action, or decision not to act, was not made pursuant to the discretionary authority granted in § 5149(b), but instead, pursuant to 10 U.S.C. § 1552. The latter section provides that the Secretary, acting through a Correction Board "may correct any military record of that department when he considers it necessary to correct an error or remove an injustice." Under that standard, it held, "it is certainly arguable * * * that not only an error, but an injustice as well, even a refusal to promote, can be so manifest and indubitable that a naked refusal to correct it is contrary to law, or arbitrary and capricious, and possibly

therefore the foundation of a money claim in the Claims Court." (*Selman II*, 723 F.2d at 881.) Since it was through the Correction Board that the Secretary acted in that case, it held that the Claims Court did have jurisdiction to review such action. However, it was unable to find that either the Board or the Secretary, acting through the Board, engaged in any arbitrary or capricious action.

Although it may be contended that both the Claims Court and the Court of Appeals in *Selman II* impliedly decided that the statute of limitations did not bar the suit, neither court referred to the question. Hence it may be said that it merely "lurked in the record" and the decision of neither court has precedential value on that question.[2] However, the rationale of the Court of Appeals on matters which it did decide is inconsistent with the statute of limitations defense asserted here.

The applicable statute of limitations is 28 U.S.C. § 2501, which provides in part as follows:

> Every claim of which the United States Claims Court has jurisdiction shall be barred unless the petition thereon is filed within six years after such claims first accrues.

Defendant's contention is that plaintiff's claim herein first accrued on July 1, 1975, when he retired from the Navy without receiving the promotion to brigadier general which he now seeks. Therefore, defendant argues, plaintiff should have filed his claim prior to July 1, 1981. However, the primary response to that argument is that plaintiff could not have filed his claim in this court by July 1, 1981, because prior to the decision of the Secretary adverse to plaintiff's claim for promotion *nunc pro tunc*, on February 8, 1983, the court had no jurisdiction of plaintiff's claim. The Court of Appeals so held in *Selman II*, 723 F.2d at 881, when it stated:

> The Claims Court viewed § 5149(b) as delegating an authority to promote which it is itself not granted jurisdiction to exercise and which therefore cannot found a money claim in that court. This was always the view of the former Court of Claims. A recent expression of it is found in *Koster v. United States*, [231 Ct.Cl. 301] 685 F.2d 407, 413 (Ct.Cl.1982), in which earlier cases are cited. It would follow that a refusal to promote on any grounds or none, and in the absence of a clear-cut entitlement to the promotion, could not, standing alone, be the basis of a suit in the Claims Court.

The government's argument is also inconsistent with the teachings of *Friedman v. United States*, 159 Ct.Cl. 1, 310 F.2d 381 (1962), *cert. denied sub nom. Lipp v. United States*, 373 U.S. 932, 83 S.Ct. 1540, 10 L.Ed.2d 691 (1963). That case holds that once a claim has been rejected by an executive or administrative authority, the period of limitations is not tolled by the claimant's application for review by a Correction Board when that is merely a permissible but not required remedy before bringing suit; and, conversely, when the Correction Board is the first body to pass upon the claim the period does not begin to run until the decision of that Board.[3] And *see also*

---

**2.** "Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." *KVOS, Inc. v. Associated Press*, 299 U.S. 269, 279, 57 S.Ct. 197, 201, 81 L.Ed. 183 (1936); *Webster v. Fall*, 266 U.S. 507, 511, 45 S.Ct. 148, 149, 69 L.Ed. 411 (1925).

**3.** The court stated in *Friedman*, 159 Ct.Cl. at 18–19, 310 F.2d at 392:

> [W]here a Retiring Board has not been had or requested, the officer's application to the Correction Board together with the action of that Board take the place of the Retiring Board's function in triggering the statute of limitations. The Correction Board becomes the first proper Board to act (or to be asked to act) on the matter, and the claim does not ripen until the Board's action is final. The single judicial claim—not a *new* cause of action—never accrues * * * until the Correction Board's decision.

and

> *Id.* at 25, 310 F.2d at 396:
>
> [W]here the Correction Board is not a reviewing tribunal but is the first Board to consider or determine finally the claimant's eligibility for disability retirement, the single cause of action accrues upon the Correction Board's final decision.

*Niedernhofer v. United States,* 192 Ct.Cl. 569, 576, 426 F.2d 1403, 1406 (1970); *Hamlin v. United States,* 183 Ct.Cl. 137, 391 F.2d 941 (1968); and *Harper v. United States,* 159 Ct.Cl. 135, 138, 310 F.2d 405, 406 (1962).

■ In the instant case, the Secretary of the Navy had not in fact exercised, either affirmatively or negatively, the authority delegated to him to exercise Presidential discretion under § 5149(c) and the Secretary had not been provided an opportunity to exercise knowingly his delegated discretion to retire plaintiff in the grade of brigadier general. Furthermore, no regulations had been promulgated to provide a means or procedure whereby the plaintiff could have obtained a ruling or decision on his claim to obtain a promotion to brigadier general under that statute. Therefore, the decision of the Secretary on February 8, 1983, represented the first opportunity for review and decision on plaintiff's claim. Accordingly, this action, and not plaintiff's retirement in 1975 was the event which started the running of the period of limitations. Therefore, plaintiff's claim is not barred by the statute of limitations.

■ Defendant's second ground for judgment on the pleadings, that the plaintiff's claim is barred by his laches in asserting it is also insufficient for judgment on the pleadings. Defendant concedes that the bar for laches requires a showing of prejudice to the government, which ordinarily is based upon the facts that the government has been required to pay two salaries for an inordinately long period of time because of the plaintiff's delays and/or government's evidence is impaired by the delays because records are lost or memories dimmed. In this case defendant only argues the latter ground. This is a question of fact, which may not properly be decided on a motion for judgment on the pleadings. *Leinoff v. Louis Milona &*

*Sons, Inc.,* 726 F.2d 734, 742 (Fed.Cir.1984); *Rifkin v. United States,* 209 Ct.Cl. 566, 594–95 (1976), *cert. denied,* 429 U.S. 1098, 97 S.Ct. 1117, 51 L.Ed.2d 545 (1977); *Cacchione v. Erie Technical Products, Inc.,* 526 F.Supp. 272, 276 (W.D.Pa.1981). Furthermore, it having been decided herein that plaintiff's claim for money judgment arose in February 1983, it is difficult to comprehend how there can be any basis for the laches defense at this time.

■ Next, defendant contends that the plaintiff's allegations that the Navy discriminated against him in violation of 10 U.S.C. § 277 [4] and the due process clause of the Fifth Amendment, by promoting other AJAGs upon retirement while denying him promotion without reason, is beyond the court's jurisdiction. Since neither § 277 nor the due process clause mandates compensation for their violation, defendant is correct with respect to such claim as a basis for the court's jurisdiction. *United States v. Testan,* 424 U.S. 392, 401–02, 96 S.Ct. 948, 954–55, 47 L.Ed.2d 114 (1976); *United States v. Connolly,* 716 F.2d 882, 886–87 (Fed.Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984); *Eastport Steamship Corp. v. United States,* 178 Ct.Cl. 599, 605–07, 372 F.2d 1002, 1007 (1967). However, once there is a valid basis for jurisdiction, contentions with respect to arbitrariness and discrimination in violation of a statute or constitutional provision may properly form a part of the plaintiff's claim that he was illegally deprived of part of his pay. *See United States, v. Connolly,* 716 F.2d at 887; *Jackson v. United States,* 192 Ct.Cl. 765, 428 F.2d 844 (1970); *Swaaley v. United States,* 180 Ct.Cl. 1, 376 F.2d 857 (1967); and *cf. ATL, Inc. v. United States,* 4 Cl.Ct. 374, 378–79, *aff'd,* 736 F.2d 677 (Fed.Cir.1984). Since in the instant case the court has jurisdiction of plaintiff's claim for back pay (*see Selman II*), there is no basis for dismissal of the plaintiff's contentions with

---

**4.** 277. *Regular and reserve components: discrimination prohibited*

Laws applying to both Regulars and Reserves shall be administered without discrimination—

(1) among Regulars;
(2) among Reserves; and
(3) between Regulars and Reserves.

respect to arbitrariness on defendant's motion for judgment on the pleadings merely because plaintiff alleges discrimination as a component of such arbitrariness.

 Defendant's fourth ground for dismissal of the complaint is that there was in fact no discriminatory treatment. This purports to be supported by the affidavit of a Captain William L. Schachte, Jr., attached to defendant's brief, thereby converting the motion for judgment on the pleadings into a motion for summary judgment. (RUSCC Rule 12(c).) However, such affidavit is not in compliance with RUSCC Rule 56(e), which provides that supporting affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Since Schachte's affidavit does not show that he knows the circumstances under which two other AJAGs in situations similar to that of plaintiff were promoted on retirement, it does not exclude the possibility of proof of discrimination.

 The fifth ground for defendant's motion for judgment is that, if the court may properly consider on the merits the claimed arbitrariness of the Secretary's decision, it would require remand to the Secretary with an order requiring him to file a statement of his reasons for denying the requested relief in accordance with 32 C.F.R. § 723.7,[5] and the court does not have jurisdiction to issue a remand order apart from a money judgment.

Section 723.7, *Action by the Secretary*, provides in pertinent part:

> If the Secretary's decision is to deny relief, such decision shall be in writing and, unless he expressly adopts in whole or in part the findings, conclusions and recommendation of the Board, shall include a brief statement of the grounds for denial. See paragraph (e)(5) of § 723.3.

Defendant's contention that the court does not have jurisdiction to issue a remand order ignores 28 U.S.C. § 1491(a)(2), which provides that "In any case within its jurisdiction, the court shall have the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just."

In *Selman II*, 723 F.2d at 881, the court stated:

> We recognize that the Secretary's failure to specify his reasons for denying promotion as 32 C.F.R. § 723.7 requires, is not trivial and is in error. We do not sanction such actions.

In the instant case, unlike *Selman II*, the record does not contain evidence which could be used to support the decision of the Secretary and prove that it is not arbitrary.

Defendant further suggests that if the court does find that it has jurisdiction to do so, it should remand the case to the Secretary of the Navy for a statement supporting the reasons for his determination that the promotion is not warranted. The motion for judgment on the pleadings is not, however, the appropriate occasion for such a suggestion, and, besides, nothing prevents defendant from filing such a statement by leave, without a compulsory court order. Plaintiff states in his brief that he would prefer to use the conventional discovery method provided by the rules. These conflicting contentions should be argued and briefed in a separate motion rather than as a tail end to a dispositive motion.

Defendant's motion for summary judgment on the pleadings is denied.

---

**5.** *See Citizens To Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971); and *United States v. Morgan*, 313 U.S. 409, 61 S.Ct. 999, 85 L.Ed. 1429 (1941).