# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * *

JANARDHANA DONGA,       *

       *

       *      No. 18-886V

       *      Special Master Christian J. Moran

      Petitioner,      *

       *

v.      *      Filed: April 20, 2022

       *

SECRETARY OF HEALTH      *      Damages, SIRVA

AND HUMAN SERVICES,      *

       *

      Respondent.      *

* * * * * * * * * * * * * * * * * * * * *

Bridget C. McCullough, Muller Brazil, LLP, Dresher, PA, for Petitioner;
Camille M. Collett, United States Department of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING COMPENSATION[1]

On June 21, 2018, Janardhana Donga sought compensation for shoulder injury related to vaccine administration ("SIRVA") following his influenza ("flu") vaccination on October 22, 2016. Mr. Donga seeks compensation pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 through 34 (2012). After the undersigned resolved a factual dispute over when Mr. Donga began to have shoulder pain, the Secretary conceded that he was entitled to compensation. Entitlement Ruling, 2021 WL 4959036 (Oct. 5, 2021).

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

The parties have disagreed regarding the amount of compensation for Mr. Donga's pain and suffering.  (They, however, have agreed that $380.00 is an appropriate amount of compensation for his unreimbursed medical expenses.)  For the reasons explained below, a reasonable amount of compensation for pain and suffering is $70,000.  Thus, **Mr. Donga is awarded $70,380**.

I.    **Facts[2]**

1. At age 55, Mr. Donga received a flu vaccination on October 22, 2016. Exhibit 1 at 35; exhibit 3 at 1.
2. He developed shoulder problems within 48 hours of the vaccination. Ruling Finding Facts, 2021 WL 3916906 (Jul. 21, 2021).
3. On December 13, 2016, Mr. Donga emailed his doctor (Dr. Ho) stating that he developed "Hand Pain since taking Flu shot."  Exhibit 1 at 40.
4. In an examination on December 15, 2016, Dr. Ho found mild shoulder impingement.  He diagnosed a left rotator cuff sprain and recommended home exercise and over-the-counter medicines.  Exhibit 1 at 58-59, 63-64.
5. After some interactions with Dr. Ho and another doctor for a second opinion, Mr. Donga started physical therapy on January 9, 2017.  Exhibit 1 at 143-46.  In the first physical therapy session, Mr. Donga rated his pain levels as 0-9 out of 10.  Id. at 144.
6. Over the next sixteen months, Mr. Donga attended physical therapy approximately 15 times.  His last physical therapy session was on May 1, 2018.  Exhibit 5-20.
7. Following the May 1, 2018 physical therapy appointment, Mr. Donga did not seek medical attention for his shoulder for nearly one year.
8. In March 2019, Mr. Donga reported his shoulder was 90% better but he was having problems with the last 10%.  He was given a cortisone shot for his decreased range of motion.  Exhibit 6 at 48-61.
9. After the cortisone shot did not completely resolve Mr. Donga's pain, he was referred to a second course of physical therapy.  Exhibit 7 at 27.
10. From August 2019 to January 2020, Mr. Donga went to physical therapy six times.  Exhibit 12 at 403-64.
11. In January 2020, a physician's assistant observed that Mr. Donga had tenderness around the deltoid with palpation and showed positive signs of

---

[2] The parties provided additional details.  See Pet'r's Br. regarding Damages, filed Feb. 7, 2022; Resp't's Br. regarding Damages, filed Feb. 9, 2022; Resp't's Reply, filed Feb. 23, 2022.  Petitioner did not submit a reply brief.

impingement. The physician's assistant recommended an MRI. Exhibit 12 at 491-92.

12. In February and March 2020, Mr. Donga attended two more physical therapy sessions. However, he cancelled more physical therapy sessions due to the coronavirus pandemic. Exhibit 12 at 527-43.

13. In October 2020, Mr. Donga requested an exemption from a requirement to receive a flu vaccination. However, his doctor indicated that he did not qualify for an exemption. Exhibit 14 at 28.

14. Mr. Donga received two doses of the vaccine against the coronavirus in his left shoulder. Exhibit 14 at 30 (April 19, 2021), 38 (May 10, 2021).

## II. Standards for Adjudication

The Vaccine Act states that compensation shall include "(4) For actual and projected pain and suffering and emotional distress from the vaccine-related injury, an award not to exceed $250,000." 42 U.S.C. § 300aa–15(a).

Factors relevant to this element of compensation are "[(1)] the ability to understand the injury, i.e., the injured's mental faculties are intact; [(2)] the degree of severity of the injury; and [(3)] the potential number of years the individual is subjected to the injury." McAllister v. Sec'y of Health & Human Servs., No. 91-1037V, 1993 WL 777030, at *3 (Fed. Cl. Spec. Mstr. Mar. 26, 1993), vacated and remanded on other grounds, 70 F.3d 1240 (Fed. Cir. 1995).

## III. Analysis

The undersigned has considered the medical records, which are summarized above, as well as the affidavits from Mr. Donga and his daughter. Exhibits 2, 4, 8-9, and 16. The undersigned has also considered the arguments presented and the cases cited in the parties' briefs.

Under the facts and circumstances of Mr. Donga's case, a reasonable award for past pain and suffering is $70,000. He has not requested any compensation for future pain and suffering.

## IV. Conclusion

Mr. Donga is entitled to compensation in the amount of $70,380.00. This amount shall be paid in a lump sum in the form of a check payable to petitioner, Janardhana Donga. This amount represents compensation for all damages available under 42 U.S.C. § 300aa-15(a).

The Clerk's Office is instructed to enter judgment in accord with this decision unless a motion for review is filed. Information about the submission for a motion for review, including deadlines, is presented in the Vaccine Rules, which are available through the Court's website.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.